981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Thomas Jefferson COBB, Defendant-Appellant.
 No. 91-5773.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 26, 1992
Decided: December 28, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-90-509)
 John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 E. Bart Daniel, United States Attorney, William Earl Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HALL, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Jefferson Cobb appeals the judgment and sentence imposed by the district court after a jury convicted him of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (1988), and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (1988).
 
 
 2
 Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Cobb has filed a supplemental brief arguing that the two suppression issues cited in the Anders brief have merit and raising numerous other claims. Because none of those claims have merit, and we discern no error in the proceedings below, we affirm.
 
 
 3
 Cobb claims a warrantless entry of his car was illegal and the items recovered from under the front seat in a subsequent search pursuant to a search warrant should have been suppressed. Police may search a vehicle without a warrant when they have probable cause to believe that vehicle contains evidence of criminal activity. See California v. Acevedo, 59 U.S.L.W. 4559 (U.S. 1991). If the police have probable cause to justify a warrantless seizure of a car parked on a public street, either an immediate or delayed search is permissible. Acevedo, 59 U.S.L.W. at 4561; Chambers v. Maroney, 399 U.S. 42 (1970).
 
 
 4
 Police had probable cause to enter the vehicle because the nascent investigation into the bank robbery demonstrated the robber had left his car keys at a lobby table before approaching the teller. The make of the car matched the keys found in the bank and a license check revealed the owner's name was Cobb. Local police informed the FBI agent that some of the Cobb boys had been involved in armed robberies previously. Alternatively, Cobb failed to establish that he had a reasonable expectation of privacy in the vehicle. See Rakas v. Illinois, 439 U.S. 128 (1978). The car was registered in a relative's name, and parked on a public street with a door unlocked and the driver's window partially rolled down. Because the initial entry of the car was legal, the district court was correct in denying Cobb's motion to suppress items of clothing and a weapon recovered from beneath the front passenger seat.
 
 
 5
 Cobb claims the photographic identification line-up shown to bank tellers was unnecessarily suggestive and trial testimony should have been suppressed. See Simmons v. United States, 390 U.S. 377, 384 (1968). Of the six photos shown to witnesses, only Cobb's picture revealed from the background that it was taken in some law enforcement facility. The district court admitted the evidence finding that the background of Cobb's photo was not overly suggestive because many of the suspects resembled Cobb and the witnesses testified they were not aware of any unusual background in the photo. We find no error in the admission of the testimony or the photographs.
 
 
 6
 As required by Anders, we have independently reviewed the entire record and the issues raised by Cobb in his supplemental brief. We conclude there are no non-frivolous grounds for appeal and affirm Cobb's conviction and sentence. We also deny Cobb's motion for appointment of new counsel and the Government's motion for summary disposition.
 
 
 7
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A (1988)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED